IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| LAKENYA K. MONFORT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE NO. |
| | ) | _____ |
| SCREENING REPORTS, INC., | ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendant. | ) | |

## COMPLAINT

Pursuant to Federal Rule of Civil Procedure 8, Plaintiff LaKenya K. Monfort respectfully shows the Court the following:

Parties, Jurisdiction and Venue

1. Ms. Monfort is an individual and a resident of the State of Georgia.

2. Defendant Screening Reports, Inc. ("SRI") is a corporation organized and existing under the laws of the State of Illinois. SRI is subject to the jurisdiction of this Court pursuant to O.C.G.A. 9-11-91 and may be served with process by serving its registered agent, Joseph S. Messer, 225 W. Washington Street, #575, Chicago, Illinois 60606.

3. The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 because the claims asserted in this civil action arise

under the laws of the United States, specifically the Fair Credit Reporting Act (the "FCRA"), 15 U.S.C. § 1681 *et seq.*

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) and this Division pursuant to Local Rule 3.1B(3).

## Factual Background

5. Ms. Monfort is a "consumer" under 15 U.S.C. § 1681a(c).

6. SRI is a "consumer reporting agency" under 15 U.S.C. § 1681a(f).

7. SRI provides background screening services, *i.e.* background checks, to landlords and property managers in the multifamily housing industry.

8. As a consumer reporting agency and pursuant to 15 U.S.C. § 1681g, SRI is required "upon request" to:

> clearly and accurately disclose to the consumer: (1) All information in the consumer's file at the time of the request … (2) The sources of the information … [and] (3) Identification of each person … that procured a consumer report [about the consumer] … during the 1-year period preceding the date on which the request is made.

Disclosures made by consumer reporting agencies pursuant to 15 U.S.C. § 1681g are commonly referred to as "file disclosures."

9. SRI has actual knowledge of its obligations under 15 U.S.C. § 1681g.

10. On or about January 22, 2019, Ms. Monfort exercised her rights under 15 U.S.C. § 1681g and requested that SRI provide her with a file disclosure.

11. Ms. Monfort made her request for a file disclosure via a letter, a true copy of which is attached hereto as Exhibit A.

12. Ms. Monfort sent her file disclosure request to SRI *via* certified mail. A true copy of the certified mail receipt evidencing the posting of Ms. Monfort's file disclosure request is attached hereto as Exhibit B.

13. Ms. Monfort's file disclosure request was delivered to and received by SRI on January 28, 2019 at 8:56 am, as evidenced by the United States Postal Service tracking report attached hereto as Exhibit C.

14. SRI did not respond to Ms. Monfort's file disclosure request and did not provide her with a file disclosure as required by and in violation of 15 U.S.C. § 1681g.

15. As a proximate result of SRI's violation of 15 U.S.C. § 1681g, Ms. Monfort has suffered actual damages, including (i) an informational injury because she was denied a file disclosure as guaranteed by law and (ii) emotional distress and anxiety because she was and is concerned that her SRI file contains inaccurate information that she was convicted of a felony, which could preclude her from obtaining housing.

## Count 1 – Violation of 15 U.S.C. § 1681g

16. SRI violated 15 U.S.C. § 1681g by failing to provide Ms. Monfort with a file disclosure in response to her request.

17. SRI's violation of 15 U.S.C. § 1681g was negligent, or in the alternative, willful.

18. As a proximate result thereof, Ms. Monfort has suffered and is entitled to recover actual damages, as alleged in Paragraph 15 above, in an amount to be proven at trial and as allowed by 15 U.S.C. § 1681n(a)(1)(A) or 15 U.S.C. § 1681o(a)(1).

19. In the alternative and as a result of SRI's reckless and willful violation of 15 U.S.C. § 1681g, Ms. Monfort is entitled to recover statutory damages in the amount of $1,000 as allowed by 15 U.S.C. § 1681n(a)(1)(A).

20. As a result of SRI's reckless and willful violations of 15 U.S.C. § 1681g, Ms. Monfort is entitled to recover punitive damages as allowed by 15 U.S.C. § 1681n(a)(2).

21. Ms. Monfort is also entitled to recover the costs of this action and her reasonable attorneys fees as allowed by 15 U.S.C. § 1681n(a)(3) or 15 U.S.C. § 1681o(a)(2).

WHEREFORE, Ms. Monfort respectfully prays that the Court:

1. Issue process to the Defendant;

2. Conduct a trial by jury of all claims asserted herein;

3. Enter judgment in favor of Ms. Monfort as consistent with the jury's verdict; and

4. Grant Ms. Monfort such other and further relief as it deems just and necessary.

This 30th day of April, 2019.

| | |
|---|---|
| **McRAE BERTSCHI & COLE LLC** <br> Suite 200, 1350 Center Drive <br> Dunwoody, Georgia 30338 <br><br> *Counsel for Plaintiff* | */s/ Craig E. Bertschi* <br> Craig E. Bertschi <br> Georgia Bar No. 055739 <br> ceb@mcraebertschi.com <br> 678.999.1102 <br><br> Charles J. Cole <br> Georgia Bar No. 176704 <br> cjc@mcraebertschi.com <br> 678.999.1105 |

5